UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

YVETTE OLIVER                                    CIVIL ACTION

v.                                               NO. 19-12377

COVIDIEN LP, ET AL.                              SECTION "F"

ORDER AND REASONS

Before the Court is Covidien's Rule 12(b)(6) motion to dismiss Yvette Oliver's complaint. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

**Background**

This products-liability action arises from Covidien's marketing of a vessel-sealing device called LigaSure.

In summer 2018, Yvette Oliver saw her doctor, complaining of stomach pain. She later underwent a hysterectomy. During that procedure, her doctor used a Covidien LigaSure to seal a blood vessel. Although Oliver had high blood pressure, her doctor did not fortify the vessel seal with a suture. The seal did not hold, and Oliver began bleeding internally. This lawsuit followed.

Oliver sued Covidien for negligence and violations of the Louisiana Products Liability Act (LPLA), LA. REV. STAT. §§ 9:2800.52—9:2800.60. She says that Covidien overstated the LigaSure's vessel-sealing capabilities. In her view, Covidien should have warned surgeons against using the LigaSure on patients with high blood pressure without first placing a suture tie on "prominent" vessels.

Now, Covidien moves to dismiss Oliver's complaint for failure to state a claim. See FED. R. CIV. P. 12(b)(6).

I.

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). A party may move to dismiss a complaint that fails this requirement. See FED. R. CIV. P. 12(b)(6).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." Thompson v. City of Waco, Tex., 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). Conclusory allegations are not well pleaded and, consequently, are not accepted as true. See Thompson, 764 F.3d at 502-03 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

To overcome a Rule 12(b)(6) motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). A claim is facially plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). But it must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 555.

II.

Jurisdiction is based on diversity, so the Court applies the substantive law of the forum, Louisiana. See Boyett v. Redland Ins. Co., 741 F.3d 604, 607 (5th Cir. 2014) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). Because Louisiana choice-of-law rules are substantive, they apply here. See Weber v. PACT XPP Tech., AG, 811 F.3d 758, 770 (5th Cir. 2016) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941)). The first step under those rules is determining whether the laws of two or more states conflict. Lonzo v. Lonzo, 17-0549, p. 12 (La. App. 4 Cir. 11/15/17); 231 So. 3d 957, 966. If they do not, the Court

3

applies forum law; if they do, further analysis is required. See Am. Elec. Power Co. v. Affiliated FM Ins. Co., 556 F.3d 282, 285 n.2 (5th Cir. 2009). The parties here have not identified a conflict, and the Court has not found one. So, the Court applies Louisiana substantive law and turns to the merits.

III.

Covidien contends that Oliver fails to state any claims against it. According to Covidien, Oliver's negligence claim is not cognizable, and her LPLA claims are inadequately pleaded. Oliver rejoins that she has alleged facts creating an inference that the elements of each claim are met.[1]

A.

The LPLA creates a cause of action against a product manufacturer "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." LA. REV. STAT. § 9:2800.54(A). This liability is

---

[1] In her opposition papers, Oliver says that a complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief." That is not the law. The Supreme Court dropped this pleader-friendly no-set-of-facts standard over 12 years ago. See Twombly, 550 U.S. at 569-70; In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 & n.10 (5th Cir. 2007).

exclusive: A claimant cannot otherwise sue a manufacturer for damage caused by its product. See La. Rev. Stat. § 9:2800.52.

An LPLA claimant must prove four elements: "(1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 260-61 (5th Cir. 2002).

A product can be "unreasonably dangerous" in four ways: (1) defective construction or composition, La. Rev. Stat. § 9:2800.55; (2) defective design, La. Rev. Stat. § 9:2800.56; (3) inadequate warning, La. Rev. Stat. § 9:2800.57; and (4) nonconformity with an express warranty, La. Rev. Stat. § 9:2800.58. Oliver says the LigaSure was "unreasonably dangerous" in each way, and the Court turns now to her allegations.

1.

In count one of her complaint, Oliver tries to state a negligence claim.[2] She says that Covidien acted with "carelessness,

---

[2] Oliver insists she has not tried to state an "independent" or "freestanding" negligence claim, but her complaint suggests otherwise. Count I is styled "Negligence Claim Against Defendants" and is, by definition, independent.

recklessness, negligence and/or gross negligence" in "designing, manufacturing, marketing, labeling, packaging, distributing, supplying and/or selling" the LigaSure. Covidien contends the claim is not cognizable under the LPLA.

The Court agrees.[3] "[F]or causes of action arising after the effective date of the LPLA, negligence, strict liability, and breach of express warranty are not available as theories of recovery against a manufacturer, independent from the LPLA." Stahl, 283 F.3d at 261; see also John Kennedy, *A Primer on the Louisiana Products Liability Act*, 49 La. L. Rev. 565, 589 (1989) ("[A] general theory of products liability based on negligence no longer exists after the LPLA.").[4] Oliver's negligence claim arose in 2018, and the LPLA took effect on September 1, 1988. Because Oliver's negligence claim arose after the statute's effective

---

[3] In her opposition papers, Oliver expresses concern that dismissal of her negligence claim will cause the "dismiss[al] of factual allegations" that speak to Covidien's negligence. The concern is unfounded. Facts that go to Covidien's negligence remain relevant to Oliver's LPLA claims for inadequate warning and defective design. See, e.g., Kennedy, *A Primer*, 49 La. L. Rev. at 589 (observing that design-defect and warning-defect claims "are predicated on a negligence standard"). Nothing in this Order and Reasons precludes Oliver from seeking discovery of all facts relevant to those claims.

[4] Kennedy and then-professor H. Alston Johnson III drafted the LPLA. See Editor's Note, 49 La. L. Rev. at 565.

date, it is not cognizable under the LPLA.[5] See Stahl, 283 F.3d at 261.

2.

In count two of her complaint, Oliver tries to state an inadequate-warning claim. She says Covidien's warning was inadequate because it did not direct doctors to use suture ties on patients with high blood pressure. Covidien contends that these allegations, accepted as true and viewed in Oliver's favor, do not establish causation under the learned intermediary doctrine.

The learned intermediary doctrine applies to inadequate-warning claims. Theriot v. Danek Med., Inc., 168 F.3d 253, 256 (5th Cir. 1999) (per curiam). That doctrine holds that a manufacturer need not warn a patient; it need only warn the patient's physician. Willett v. Baxter Intern., Inc., 929 F.2d 1094, 1098 (5th Cir. 1991). So, to state an inadequate-warning claim here, Oliver must allege: (1) that Covidien failed to warn her doctor of a risk associated with the use of the LigaSure, not otherwise known to the doctor; and (2) that Covidien's failure to warn was the cause in fact and proximate cause of her injuries.

---

[5] The allegations of Oliver's complaint establish that Covidien is a "manufacturer" and that this action is one for damage allegedly caused by LigaSure, a "product." See LA. REV. STAT. §§ 9:2800.53(1) (defining "manufacturer"); 9:2800.53(3) (defining "product").

See id. at 1098. To establish causation, Oliver must allege facts creating an inference that "a proper warning would have changed the decision of [her] treating physician, i.e., that but for the inadequate warning, the treating physician would not have used" the LigaSure. Id. at 1098-99.

Oliver has not alleged causation. Read together and in her favor, Oliver's allegations do not create a reasonable inference that, but for Covidien's inadequate warning, her treating physician would either (a) not have used the LigaSure or (b) used it differently. See Willett, 929 F.2d at 1098-99. Because Oliver fails to allege facts establishing causation, she fails to state an inadequate-warning claim.

3.

In count three of her complaint, Oliver tries to state a design-defect claim. She says the design of the LigaSure was defective because "it did not include exceptions for more prominent blood vessels with enlarged uteri such that suture ties should . . . be used." Covidien contends that Oliver fails to state a claim because she fails to allege the existence of a safer alternative design.

LPLA design-defect claims are governed by La. Rev. Stat. § 9:2800.56. To state a claim under that provision, Oliver must allege facts showing that the LigaSure was "unreasonably

dangerous" because, at the time it left Covidien's control, (1) there was an alternative design for the product that was capable of preventing her damage; and (2) the likelihood that the product's design would cause her damage and the gravity of that damage outweighed the burden on Covidien of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. La. Rev. Stat. § 9:2800.56.

She has not so alleged. Oliver's complaint lacks factual allegations creating a reasonable inference that a safer alternative design existed. Because Oliver fails to allege facts establishing a safer alternative design, she fails to state a design-defect claim. See La. Rev. Stat. § 9:2800.56.

4.

In count four of her complaint, Oliver tries to state a warranty-defect claim. She says that Covidien's "statements" about the LigaSure "falsely convey[ed]" that the device was safe to use without placing suture ties on "complex" blood vessels. Her doctors chose the LigaSure, she says, because of unidentified "warranties and representations" about the "safety" of the device. Covidien contends that Oliver's allegations of causation are inadequate.

Oliver's warranty-defect claim is governed by La. Rev. Stat. § 9:2800.58. To state a claim under that provision, Oliver must allege that: (1) Covidien made an express warranty about its

9

LigaSure product; (2) the product did not conform to the express warranty; (3) the express warranty induced Oliver or her doctor to use the product; and (4) Oliver's damage was proximately caused because the express warranty was untrue. See La. Rev. Stat. § 9:2800.58.

An "express warranty" is "a representation, statement of alleged fact or promise about a product or its nature, material or workmanship that represents, affirms or promises that the product or its nature, material or workmanship possesses specified characteristic or qualities or will meet a specified level of performance." La. Rev. Stat. § 9:2800.53(6).

Oliver fails to state a claim for two reasons. First, she fails even to identify an express warranty. She instead invokes vague "guarantees" that the LigaSure was "safe, free of defects[,] and reasonably fit for its intended purpose." These are not express warranties. See La. Rev. Stat. § 9:2800.53(6); Kennedy, *A Primer*, 49 La. L. Rev. at 623 ("An express warranty does not, however, mean 'puffing' or a general opinion about or praise of a product."). Second, she fails to allege facts establishing that Covidien's breach of warranty caused her injuries. For example, she does not allege that, but for the untruthful warranty, her surgeon would have used a different device or fortified the seal using suture ties. Because Oliver fails to identify an express warranty or

allege facts establishing causation, she fails to state a warranty-defect claim. See La. Rev. Stat. § 9:2800.58.

5.

In count five of her complaint, Oliver tries to state a construction-defect claim. She says the LigaSure was unreasonably dangerous in construction or composition because it "deviated in a material way" from "performance standards." She does not identify the "standards" or the defect. True, she says that "surgeons were instructed not to isolate blood vessels prior to attempting to seal the vessel." But this is a complaint about the LigaSure's warning—not its construction.

To state a construction-defect claim, Oliver must allege facts establishing that, at the time the LigaSure left Covidien's control, it "deviated in a material way" from Covidien's "specifications or performance standards" for (a) the LigaSure or (b) "otherwise identical" Covidien-manufactured products. La. Rev. Stat. § 9:2800.55. She fails to do so.

First, Oliver fails to identify the relevant "specifications or performance standards." La. Rev. Stat. § 9:2800.55. Second, she fails to allege any facts which, accepted as true and viewed in her favor, show that the LigaSure suffered a construction defect. Accordingly, she fails to state a construction-defect claim. See La. Rev. Stat. § 9:2800.55.

* * *

Because the Court concludes that all of Oliver's claims fall short of the Rule 8(a)(2) pleading standard, only one question remains—whether dismissal should be with or without leave to amend.

IV.

Oliver requests leave to amend her complaint, and Covidien counters that amendment would be futile.

A.

The Court should grant leave to amend freely when justice so requires. FED. R. CIV. P. 15(a). Rule 15(a) "evinces a bias in favor of granting leave to amend." Matter of Life Partners Holdings, Inc., 926 F.3d 103, 125 (5th Cir. 2019). Although leave to amend is not "automatic," the Court "must possess a substantial reason to deny a request for leave to amend." Jones v. Robinson Prop. Grp., L.P., 427 F.3d 987, 994 (5th Cir. 2005). In deciding whether to allow amendment, the Court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." Id. at 994.

B.

The Court has a "substantial reason" to deny Oliver leave to amend her negligence claim—futility. Jones, 427 F.3d at 994. Because that claim is not cognizable under the LPLA, amendment would be futile. The Court therefore dismisses Oliver's negligence claim with prejudice and without leave to amend.

As to the other claims, however, the Court lacks a "substantial reason" to deny Oliver leave to amend. See Jones at 994. She has not unduly delayed; in fact, she sought leave to amend once Covidien challenged the sufficiency of her allegations. Nor has she repeatedly failed to cure deficiencies: She has filed one complaint and has not amended it. Critically, she has not had an opportunity to correct the deficiencies identified in this Order and Reasons. And it is not clear that she has pleaded her "best case." See Geter v. Fortenberry, 849 F.2d 1550, 1559 (5th Cir. 1988). On this record, then, the Court cannot conclude that amendment would be futile. The Court therefore grants her 21 days to amend her complaint to attempt to state plausible claims.

V.

Accordingly, IT IS ORDERED: that the Rule 12(b)(6) motion to dismiss is GRANTED in part and DENIED in part as follows: Oliver's negligence claim (count I) is DISMISSED with prejudice; Oliver's inadequate-warning (count II), design-defect (count III), warranty-defect (count IV), and construction-defect (count V) claims are DISMISSED without prejudice. Oliver is granted 21 days to amend her complaint to try to state plausible claims. If she fails to timely amend, the Court will dismiss her complaint with prejudice and without further notice.

New Orleans, Louisiana, February 5, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE